UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MATTHEW EDWARD ALEXANDER | * | CIVIL ACTION NO. 15-2732 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| GARY GILLEY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

# MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions filed by defendants Sheriff Jay Russell, Gary Gilley, and Miranda Rogers: 1) motion to stay proceedings pending disposition of plaintiff's criminal proceedings [doc. # 16]; and 2) motion for extension of time to respond to discovery [doc. # 21]. The motions are opposed. For reasons assigned below, the motion to stay is GRANTED, and the motion for extension of time is DENIED, as moot.[1]

## Background

On November 23, 2015, Matthew Alexander filed the instant pro se complaint for damages under 42 U.S.C. § 1983 and the Stored Communications Act, 18 U.S.C. § 2702, et seq., against defendants Sheriff Jay Russell (incorrectly named as the "Ouachita Parish Sheriff's Department"), Gary Gilley, and Miranda Rogers. Plaintiff alleges that defendants violated his constitutional rights and the Stored Communications Act when they obtained his cell phone

[1] As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

location information from Verizon without a warrant, which information they then used as a basis for probable cause to obtain an arrest warrant for Alexander on charges of aggravated arson and two counts of attempted second degree murder. (Compl., Coll. Proc. [doc. # 1 & 1-1]). Plaintiff seeks damages in the amount of $1,000,000. *Id*.

On January 15, 2016, the court granted plaintiff's motion for service by U.S. Marshal. (Jan. 15, 2016, Order [doc. # 6]). In so doing, the court noted that plaintiff did not have a reasonable expectation of privacy in his cell phone's historical location data as required to support a Fourth Amendment claim. *Id*.[2] Nonetheless, on February 29, 2016, plaintiff filed an amended complaint in which he distinguished Fifth Circuit case law and essentially re-urged his § 1983 Fourth Amendment claim. (1st Amend. Compl. [doc. # 10]).

Defendants filed answers to the original and amended complaints in due course. [doc. #s 7 & 11]. Thereafter, the court set the matter for jury trial on February 13, 2017. (April 29, 2016, Sched. Order [doc. # 15]).

On August 15, 2016, defendants filed the instant motion to stay proceedings pending disposition of plaintiff's related criminal case in state court. In support of their motion, defendants assert that if the Louisiana Second Circuit Court of Appeal determines in *Louisiana v. Alexander* that the cell phone records should not be suppressed, then that would serve to vitiate

---

[2] *See United States v. Guerrero*, 768 F.3d 351, 358 (5th Cir. 2014), *cert. denied*, ___ U.S. ____, 135 S. Ct. 1548 (2015); *see also United States v. Skinner*, 690 F.3d 772, 778 (6th Cir. 2012).

Although the court further observed that plaintiff stated a *potential* claim for damages under the Stored Communications Act, the undersigned did not conclude that plaintiff had a *viable* claim under the statute. *Id*. Rather, because the complaint set forth at least one colorable claim, the court determined that service was warranted so defendants could appear and test the sufficiency of plaintiffs' claims, as appropriate.

plaintiff's § 1983 action related to those records and vindicate their qualified immunity defense.[3] Defendants further argue that if the court does not stay this case, then, at minimum, discovery should be stayed so the prosecution in *Louisiana v. Alexander*, is not placed at a disadvantage by having to tip its hand via discovery in this case that ordinarily the prosecution would not disclose until the time of trial.

On August 17, 2016, plaintiff filed his opposition to the motion to stay. (Pl. Opp. Memo. [doc. # 19]). Plaintiff contends that defendants filed the motion for an improper purpose to thwart his efforts to depose by written questions a Verizon representative.[4] He further stated that he no longer wishes to pursue his § 1983 claim. Finally, plaintiff stated that he was willing to waive his Fifth Amendment right against self-incrimination in these proceedings.

Defendants did not file a reply brief. Accordingly, the matter is ripe.

**Analysis**

A district court is authorized to stay a civil proceeding during the pendency of a parallel criminal proceeding. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983) (citation omitted). Indeed, it may do so when the interests of justice require such action, even at the behest of the prosecution. *United States v. Kordel*, 397 U.S. 1, 12, n27, 90 S.Ct. 763, 770. Courts typically consider several factors when determining whether a civil case should be stayed

---

[3] In support of their motion, defendants submitted the declaration of Geary Aycock, an Assistant District Attorney for the 4th Judicial District, who is prosecuting Alexander on the criminal charges in state court. (Geary Aycock Declaration; M/Stay, Exh. A). Aycock declared that the criminal charges against Alexander are interconnected with the factual allegations in the instant civil action. *Id*. Furthermore, the criminal matter is stayed at the trial court level until the Louisiana Second Circuit Court of Appeal resolves a writ pertaining to an evidentiary ruling by the district court. *Id*.

[4] Plaintiff has a separate suit pending against Verizon that arises out of the same set of facts as this case. *Alexander v. Verizon Wireless Services, LLC*, Civ. Action No. 16-0867 (W.D. La.).

in favor of a criminal case; they include:

> (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest.

*Villani v. Devol*, Civ. Action No. 15-0852, 2016 WL 1383498, at *2 (M.D. La. Apr. 7, 2016) (citations omitted).

However, the similarity of issues between the civil and criminal actions is considered the most important threshold issue. *Id*. (citation omitted).

Applying the foregoing considerations here, the court finds that there is overlap between this case and the criminal case against Alexander. Here, plaintiff is seeking compensation stemming from the defendant law enforcement officers's efforts to obtain location data from his cell phone provider. The officers then used this information as grounds to obtain an arrest warrant and ultimately an indictment against plaintiff. *See Alexander v. Nixon*, Civ. Action No. 15-2300 (W.D. La.) (R&R [doc. # 20]). Whether or not defendants transgressed plaintiff's constitutional rights in obtaining the data is an issue before the court of appeal in plaintiff's criminal case.

Furthermore, if plaintiff ultimately is convicted of the offense(s) in state court, he will not be entitled to seek compensatory damages for his wrongful arrest and false imprisonment claims until such time as the conviction has been declared invalid. *See Heck v. Humphrey*, 512 U.S.477, 114 S.Ct. 2364 (1994). However, because the criminal prosecution remains pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges). Nevertheless, federal courts are authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and/or detention until such time as the allegedly improper state

prosecution has been concluded. *Id*. "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id*.[5]

The court observes that plaintiff's criminal case is presently stayed, pending the outcome of the writ taken to the court of appeal. However, plaintiff has taken steps to expedite a trial setting in his criminal case as soon as the matter is returned from the court of appeal. *See* Pl. Opp. Memo., pg. 1. There is every reason to expect that the state trial court will endeavor to accommodate plaintiff's request for a speedy trial.

The court appreciates plaintiff's interest in proceeding to trial with his civil case. However, plaintiff will not suffer material prejudice if this case is stayed until after his criminal case is resolved. Plaintiff emphasizes that he seeks nothing more than justice. However, justice also must be permitted to run its course. While plaintiff may be willing to waive his right against self-incrimination in order to proceed with this case, the prosecution in his criminal case, which is aligned with the defendant law enforcement officers in this case, has its own interest in not having to disclose evidence and trial strategy prematurely. In this vein, the Fifth Circuit has remarked that,

> [a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his

---

[5] As stated earlier, plaintiff indicated that he no longer is interested in pursuing his § 1983 claim. Nonetheless, he has not dismissed his § 1983 claim; it remains one of his claims for relief in this case. Even if plaintiff were to dismiss his § 1983 claim, that would not impact the court's resolution of the instant motion. The Stored Communications Act figured prominently in the state trial court's decision to suppress plaintiff's location information. *See* April 30, 2015, Ruling on M/Suppress; Amend. Compl., Exh. [doc. # 10-2].

> criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962).

The courts also enjoy interests in judicial economy and expediency. *Doe v. Morris*, Civ. Action No. 11-1532, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012) (citation omitted). Thus, while this court is obliged to move its docket, the outcome of the criminal case may streamline some of the issues in this matter, thereby reducing the overall length of time and resources required to resolve this civil case. In other words, a stay likely will promote judicial economy and expediency.

Finally, while the public has an interest in the timely resolution of civil rights cases, *Doe, supra*, "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Whitney Nat. Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, Civ. Action No. 04-2220, 2007 WL 1468417, at *4 (S.D. Tex. May 18, 2007).

In sum, the court finds that defendants have established that this matter should be stayed until plaintiff's related criminal proceedings are resolved.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that defendants' motion to stay proceedings pending disposition of plaintiff's criminal proceedings [doc. # 16] is GRANTED.

IT IS FURTHER ORDERED that the April 29, 2016, scheduling order [doc. # 15] is VACATED.

IT IS FURTHER ORDERED that, in light of the stay, defendants' motion for extension of time to respond to discovery [doc. # 21] is DENIED, as unnecessary.

IT IS FURTHER ORDERED that the parties file a motion to lift the stay as soon as the related criminal proceedings against Mr. Alexander are resolved. In any event, the parties shall file a status report with the court every 180 days.

In Chambers, at Monroe, Louisiana, this 15th day of September 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE